IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERESA JOHNSON,                          )
                                         )
            Plaintiff,                   )   Case No. CV05-1835-HU
                                         )
        vs.                              )    OPINION AND ORDER
                                         )
UNITED STATES OF AMERICA, and            )
the UNITED STATES POSTAL SERVICE,        )
                                         )
            Defendants.                  )
_____)

Jeffrey D. Munns
Guinn & Munns
1419 Seventh Street
Oregon City, OR 97045
      Attorney for plaintiff

Karin J. Immergut
United States Attorney
Timothy W. Simmons
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204
      Attorneys for defendant United States

1   - OPINION AND ORDER

HUBEL, Magistrate Judge:

Plaintiff Teresa Johnson brought this action against the United States and the United States Postal Service under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), on December 5, 2005. Ms. Johnson alleges in her complaint that on December 5, 2005,[1] she was a passenger in a vehicle being driven by Julie Harding in Salem, Oregon, when the vehicle was negligently rear-ended by the defendant's postal van. She alleges further that she suffered permanent physical injury as a result of the collision, and prays for non-economic damages in the amount of $15,000; medical expenses in the approximate amount of $3,479.50; and lost wages in the amount of $872.98.

Defendant moves under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the complaint with prejudice for lack of subject-matter jurisdiction, on the ground that plaintiff failed to present a valid administrative claim to the United States Postal Service within two years of the accrual of the claim, as required by 28 U.S.C. § 2401(b). The United States also moves, pursuant to Rule 12(b)(6), to dismiss the United States Postal Service as an improper party in an FTCA action.

The United States filed the present motion on February 3, 2006. On February 28, 2006, plaintiff requested an extension of

_____

[1] This allegation is clearly in error, since the complaint was filed on December 5, 2005. According to evidence submitted by the United States, the collision occurred on December 5, 2003.

2    - OPINION AND ORDER

time to respond to the motion to dismiss, to March 17, 2006. On March 10, 2006, the court entered an order granting the motion to extend the time to respond, and ordered further that if no response were filed by March 17, 2006, the defendant's motion to dismiss would be taken under advisement on March 21, 2006. Plaintiff has not filed a response to the motion to dismiss.

### Standards

A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure addresses the court's subject matter jurisdiction. When deciding a motion under Rule 12(b)(1), the court must view the pleaded facts "favorably." McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000). A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Thus, when considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes about the existence of jurisdiction. McCarthy v. United States, 850 F.2d 5587, 560 (9th Cir. 1988).

The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

A motion under Rule 12(b)(6) should be granted only if "it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1061 (9th Cir. 2004).

### Discussion

In support of its motion to dismiss under Rule 12(b)(1), the United States has submitted the Declaration of Gerald E. Gorsky, accident investigator and tort claims coordinator for the Portland District of the United States Postal Service. According to Mr. Gorsky's declaration, there was a collision on December 5, 2003, between a vehicle in which plaintiff was a passenger and a vehicle operated by a postal employee. Mr. Gorsky states that on December 21, 2004, he sent plaintiff a Claim Form SF 95, "Claim for Damage, Injury or Death," along with a letter of explanation. A copy of the letter is attached to Mr. Gorsky's affidavit as Exhibit A.

Mr. Gorsky states that he received no further communication from plaintiff until September 7, 2005, when he received a notice of attorney representation from Jeffrey D. Munns, plaintiff's attorney of record. A copy of the notice is attached to Mr. Gorsky's declaration as Exhibit B.

Mr. Gorsky states that on September 8, 2005, he sent Mr. Munns a claim form SF 95, along with a letter of explanation. These documents are attached to Mr. Gorsky's declaration as

4   – OPINION AND ORDER

Exhibit C. On the reverse side of a claim form SF 95, under the title, "INSTRUCTIONS," is the following:

> A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN **A SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

(Capital letters and emphasis in original). Mr. Gorsky states that on December 6, 2005, he received Mr. Munns' written notification, dated December 5, 2005, of the claim, which included a claim for money damages in a sum certain of $19,352.48. A copy of the notification is attached to Mr. Gorsky's declaration as Exhibit E.

Plaintiff has proffered no evidence to support the existence of subject matter jurisdiction for her claim.

For most civil actions based on the wrongful conduct of federal employees acting within the scope of their employment, the only remedy is an action under the FTCA against the government itself. 28 U.S.C. §§ 1346, 2679. An FTCA claim must be presented in writing to the federal agency within two years of the accrual of the claim:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after

5   - OPINION AND ORDER

> such claim accrues or unless action is begun within
> six months after the date of mailing, by certified or
> registered mail, of notice of final denial of the
> claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

Under 28 U.S.C. § 2675(a), a claimant is prohibited from bringing an FTCA action "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."[2] Exhaustion of administrative remedies is a jurisdictional prerequisite to an FTCA suit in federal court. Id.; Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 743 (9th Cir. 1991); Bruns v. National Credit Union Administration, 122 F.3d 1251(9th Cir. 1997). The requirement is jurisdictional. The FTCA waives sovereign immunity, and such waivers must be strictly construed in favor of the United States. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).

A claim accrues when a plaintiff knows that he has been injured and who has inflicted the injury. Winter v. United

---

[2] Section 2675(a) further provides that, if the agency fails "to make final disposition of a claim within six months after it is filed," the claimant may, at any time thereafter, deem the agency's silence to be "a final denial of the claim for purposes of this section." Thus, if an agency fails to issue a notice of final denial within six months of receiving an administrative claim, "the claimant may either deem it denied and file suit in district court at any time prior to agency action or the claimant may await final agency action and file suit within six months thereafter." Anderson v. United States, 803 F.2d 1520, 1522 (9th Cir. 1986).

<u>States</u>, 244 F.3d 1088, 1090 (9th Cir. 2001). A claim is deemed to have been presented when the federal agency *receives* the statement of claim, not when the statement of claim is mailed. 28 C.F.R. § 14.2(a). The evidence proffered by the United States shows that the agency did not receive plaintiff's statement of claim until December 6, 2005.

A claim is presented when the agency receives a facially sufficient, written statement of claim. 39 C.F.R. § 912.5(a). The requirement of a facially sufficient written statement is satisfied by an executed Standard Form 95, Claim for Damage or Injury, or

> other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

According to Mr. Gorsky's affidavit, he sent plaintiff a Standard Form 95 on December 21, 2004. However, there is no evidence that plaintiff ever executed a Standard Form 95. The letter from plaintiff's counsel dated September 6, 2005, was not sufficient to constitute a written notice of claim because it did not contain a claim for money damages in a sum certain.

The evidence proffered by the United States demonstrates that plaintiff failed to present her claim to the United States Postal Service within two years of the accrual of her cause of action. Her claim is therefore barred.

7  - OPINION AND ORDER

The United States is also correct that the United States Postal Service is not a proper defendant to this action. 28 U.S.C. § 2679.

Defendant's motion to dismiss for lack of subject matter jurisdiction (doc. # 5) is GRANTED. In view of my conclusion that the complaint should be dismissed with prejudice, defendant's alternate motion to dismiss the United States Postal Service is DENIED as moot.

IT IS SO ORDERED.

Dated this 12th day of May, 2006.


/s/ Dennis James Hubel
    Dennis James Hubel
United States Magistrate Judge